FILED

06/07/2017

Clerk of the
Appellate Courts


# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 11, 2017

## STATE OF TENNESSEE v. COURTNEY MEANS

**Appeal from the Criminal Court for Shelby County**
**No. 03-05193, 03-05200    James C. Beasley, Jr., Judge**
_____

### No. W2016-02209-CCA-R3-CD
_____

More than twelve years ago, Defendant, Courtney Means, was convicted of three counts of aggravated robbery. As a result, he was sentenced to an effective sentence of twenty-four years in confinement. His convictions and sentence were affirmed on direct appeal. _State v. Courtney Means_, No. W2005-00682-CCA-R3-CD, 2006 WL 709206 (Tenn. Crim. App. Mar. 21, 2006), _perm. app. denied_ (Tenn. Sept. 5, 2006). In January of 2016, Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court appointed counsel, had a hearing, and then determined that Defendant's claims were not colorable. As a result, the trial court denied relief. Defendant appealed. We affirm the denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Courtney Means, Henning, Tennessee, Pro se (on appeal), and Mark Mesler, Memphis, Tennessee (at hearing), for the appellant, Courtney Means.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Michael McClusker, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant is no stranger to the legal process. Defendant targeted elderly people in the Memphis area—in this case, gutlessly robbing three of them at gunpoint in their driveways or carports. _See id._ at *1; _see also State v. Courtney Means_, No. W2004-01446-CCA-R3-CD, 2005 WL 1323260 (Tenn. Crim. App. June 3, 2005) (detailing Defendant's robberies of four additional elderly victims during the Christmas shopping

season of December 2002), *perm. app. denied* (Tenn. Dec. 5, 2005).[1] Ten years after his convictions and sentences were affirmed in this case, Defendant filed a pro se motion for relief pursuant to Tennessee Rule of Criminal Procedure 36.1. Defendant argued that he was entitled to relief from his allegedly illegal sentences because an outdated presentence report from another case was used at his sentencing hearing, the trial court failed to award pre-trial jail credits, and the sentence was excessive.

Without just reason, a judge from a different division of the criminal court appointed counsel to represent Defendant.[2] After a hearing by the proper judge, the trial court determined that Defendant did not present a colorable claim because "[a]ny issues that are now being raised under the guise of 36.1 . . . are procedural in nature and should have been raised in a post-conviction petition. . . ." Defendant appealed.

Defendant argues on appeal that the trial court improperly denied relief under Rule 36.1. Specifically, he insists that his sentences are illegal due to: (1) the absence of an updated presentence report; (2) the trial court's failure to award pre-trial jail credits; and (3) the trial court's abuse of its discretion in sentencing. Defendant's brief does not raise ineffective assistance of counsel. Defendant also argues that the statute of limitations does not bar him from stating a colorable claim because Rule 36.1 provides that he can file a motion to correct the illegal sentence "at any time." The State urges this Court to affirm the denial of relief under Rule 36.1.

Rule 36.1 permits a defendant to seek correction of an illegal sentence. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a) (2015). At the time Defendant filed his motion in January of 2016, Rule 36.1 provided that "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence." *Id.* The rule has since been amended by deleting the "at any time" language. Tenn. R. Crim. App. 36.1(a) (2016). That change was in response to our supreme court's decision in *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015). In that case, the court held that Rule 36.1 "does not authorize the correction of expired illegal sentences." *Id.* at 211.

---

[1] These offenses are unrelated to the aggravated robberies at issue herein. Defendant obtained partial federal habeas relief on this unrelated case, with the District Court ordering the trial court to reduce Defendant's sentences to the minimum in his range in light of *Blakely v. Washington*, 542 U.S. 296 (2004). *See Courtney Means v. Shawn Phillips*, 136 F. Supp. 3d 872 (W.D. Tenn. 2015); *Courtney Means v. Jerry Lester*, No. 11-2646-JPM-tmp, 2013 WL 3992506 (W.D. Tenn. Aug. 5, 2013).

[2] The record contains a May 16, 2016 order signed by Judge Paula Skahan, Division I of the Criminal Court for Shelby County, finding Defendant financially unable to employ counsel and that private counsel should be appointed. This finding is not supported by the technical record from Division X of the Criminal Court, which is the court wherein the matter was filed.

While Defendant's sentences are not expired, Rule 36.1 permits only the correction of illegal sentences. Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* at 595. Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed [the] sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

Defendant's pro se motion, while written in nearly perfect penmanship, is essentially a primer on all the wrong ways to seek relief through a motion filed under Rule 36.1. Defendant's claim that the trial court failed to award pre-trial jail credits is not a fatal error. *Brown*, 479 S.W.3d at 212-13 (determining that pre-trial jail credit claims cannot form the basis for relief under Rule 36.1). Moreover, any issue with regard to the inaccuracy of a presentence report is, at most, an appealable error indicating some issue with the actual process by which Defendant's sentences were imposed. *See Wooden*, 478 S.W.3d at 595. Additionally, any claim that a sentence is excessive is an appealable error. *See State v. Brian E. Dodson*, No. E2016-00037-CCA-R3-CD, 2016 WL 3131272 (Tenn. Crim. App. Apr. 27, 2016) (holding that claim of an excessive within-range sentence is not cognizable under Rule 36.1), *perm. app. denied* (Tenn. Sept. 23, 2016). Finally, to the extent that Defendant tried to insert a claim of ineffective assistance of counsel into the motion by way of his testimony at the hearing[3] on the motion, ineffective assistance is not a colorable claim for relief via Rule 36.1. *See State v. Markhayle Jackson*, No. W2015-02068-CCA-R3-CD, 2016 WL 7664771, at *2 (Tenn. Crim. App. May 31, 2016), *no perm. app. filed*. The trial court properly denied the motion. Defendant is not entitled to relief. The judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

---

[3] Defendant did not raise this issue in his motion for relief under Rule 36.1, so it was not properly before the trial court or this Court. *See State v. Leach*, 148 S.W.3d 42, 55 (Tenn. 2004) (stating that "[a]s a general rule, a party may not litigate an issue on one ground, abandon that ground post-trial, and assert a new basis or ground on appeal") (citing *Johnson v. State*, 38 S.W.3d 52, 60 n.8 (Tenn. 2001)).